NOT FOR PUBLICATION                                         [Dkt. No. 49]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| DIANE MUHAMMAD,<br><br>        Plaintiff,<br><br>   v.<br><br>DELAWARE TITLE LOANS,INC., et al.,<br><br>        Defendants. | Civil Action No.<br>09-CV-03920(RMB/AMD)<br><br>**OPINION** |

Appearances:

Patricia Mulvoy Kipnis, Esq.
Bailey & Glasser LLP
135 Kings Highway E.
3d Floor E.
Haddonfield, NJ 08033

William A. Riback
William Riback, LLC
132 Haddon Avenue
Haddonfield, NJ 08033
    Attorneys for Plaintiff

Daniel J.T. McKenna
Ballard Spahr, Andrews & Ingersoll, LLP
Plaza 1000
Main Street
Suite 500
Voorhees, NJ 08043-4636
    Attorneys for Defendants

**BUMB,** UNITED STATES DISTRICT JUDGE:

    Defendants Delaware Title Loans, Inc. and Community Loans of America (collectively "Defendants") appeal United States

Magistrate Judge Ann Marie Donio's March 29, 2012 Order [Dkt. No. 42] and June 9, 2012 Order denying reconsideration of the March 29, 2012 Order [Dkt. No. 48].  For the reasons that follow, this Court AFFIRMS Judge Donio's Orders.

I.   Factual and Procedural Background

On August 5, 2009, Plaintiff Diane Muhammad ("Plaintiff") filed a class action complaint (the "Complaint" or "Compl."). [Docket No. 1].  The Complaint alleges that Plaintiff and a class of similarly situated individuals were the victims of usurious and fraudulent loans issued by Defendants. [Compl. ¶ 1].

In Plaintiff's case, Plaintiff entered nine short-term loan agreements with Defendant Delaware Title Loans, Inc., which Plaintiff alleges is owned by, and acts at the direction of Defendant Community Loans of America, Inc.  [Compl. ¶¶ 7,8]. Each of these nine agreements contain arbitration clauses broadly obligating Plaintiff to arbirtrate any disputes arising out of the loan agreements. [Dkt. No. 34, Pl.'s Mem. of Law in Opp'n to Defs.' Renewed Mot. to Comp. Individual Arbitration at 2.].  Two of the loan agreements contain express class action waivers, while the other seven are silent on the issue of class waiver. [Dkt. No. 49-1, Defs' Br. in Supp. of App. at 2.)

On June 10, 2011, Defendants filed a motion to compel individual, as opposed to class, arbitration of all claims

arising under Plaintiff's nine loan agreements. [Docket No. 29]. While Plaintiff agreed that she was obligated to proceed through arbitration, Plaintiff contended that the arbitration could proceed in class form.

In an Order dated March 29, 2012, Judge Donio found that:

(1) all of Plaintiff's claims were subject to arbitration;

(2) Plaintiff was obligated to initiate individual arbitrations of her claims based on agreements in which class arbitration was expressly waived; and

(3) whether Plaintiff's claims based on agreements that were silent as to class arbitration could proceed as a class was a decision for the arbitrator.

[Docket No. 42 at 14].

On April 12, 2012, Defendants filed for reconsideration of Judge Donio's Order to the extent it held that, where arbitration agreements are silent as to class arbitration, the propriety of class arbitration is an issue for the arbitrator, and not the court, to decide. [Docket No. 43]. On June 19, 2012, Judge Donio denied Defendants' motion for reconsideration. [Docket No. 48]. On July 3, 2012, Defendants appealed Judge Donio's initial Order and her denial of reconsideration. [Docket No. 49]. They claim that Judge Donio's decision is at odds with the Supreme Court's 2010 decision in Stolt-Nielsen, S.A. v. Animalfeeds Inter. Corp., 130 S.Ct. 1758 (2010).

II. Standard

3

When reviewing the decision of a magistrate in a non-dispositive motion, a district court reviews the factual conclusions of the magistrate under the "clearly erroneous" standard of review. 28 U.S.C. 636(b)(1)(A); Levine v. Voorhees Bd. of Educ., No. 07-1614, 2009 WL 2855437 (D.N.J. Sept. 1, 2009); Wachtel v. Guardian Life Ins. Co., 239 F.R.D. 376, 384 (D.N.J. 2006).

When reviewing a magistrate judge's legal conclusions, the district court conducts a *de novo* review. Haines v. Liggett Group, Inc., 975 F.3d 81, 91 (3d Cir. 1992); Thomas v. Ford Motor Co., 137 F. Supp. 2d 575, 579 (D.N.J. 2001)(citing 28 U.S.C. § 636(b)(1)(A)-(B)); Lithuanian Commerce Corp., Ltc. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997).

III. Analysis

Defendants contend that Judge Donio erred because, under Stolt-Nielsen, where an arbitration agreement is silent as to class arbitration, the Court may decide the issue of whether class arbitration is permissible. This Court disagrees for two reasons.

First, since Stolt-Nielsen, the Third Circuit has repeatedly recognized that this issue is exclusively for the arbitrator to decide[1] and this Court is bound by that precedent.

---

[1] Quilloin v. Tenet Health System Phila., 673 F.3d 221, 232 (3d Cir. 2012)(concluding that district court erred in addressing availability of class action arbitration because, while "[s]ilence regarding class

4

A.A. ex rel. E.A. v. Exeter Tp. School Dist., 485 F. Supp. 2d 587, 591 (E.D. Pa. 2007)("It is axiomatic that a district court is bound to apply its appellate court's precedent.").

Second, Stolt-Nielsen is not in conflcit with Judge Donio's decision or Third Circuit precedent. In Stolt-Nielsen, the Court reviewed an arbitrator's decision concerning the availability of class arbitration. Stolt-Nielsen, 130 S.Ct. at 1772. It explicitly declined to opine on whether a court or an arbitrator decides, in the first instance, the availability of class arbitration. Id.

IV. Conclusion

For all these reasons, the Orders issued by United States Magistrate Judge Ann Marie Donio are **AFFIRMED**.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: February 21, 2013

---

arbitration generally indicates a prohibition against class arbitration . . . the actual determination as to whether class action is prohibited is a question of interpretation and procedure for the arbitrator.")(citing Stolt-Nielsen); Vilches v. The Travelers Co., Inc., 413 F. App'x 487, 492 (3d Cir. 2011)("Where contractual silence is implicated, the arbitrator and not a court should decide whether a contract[ was] indeed silent on the issue of class arbitration, and whether a contract with an arbitration clause forbids class arbitration.")(citing Stolt-Nielsen)(quotations omitted); Puleo v. Chase Bank USA, N.A., 605 F.3d 172, 184 (3d Cir. 2010)(acknowledging Stolt-Nielsen and recognizing that the question of whether an agreement forbids class arbitration is for the arbitrator to decide).